# UNITED STATES DISRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ASHLEY RINEHART,<br><br>    Plaintiff,<br><br>v.<br><br>KELLEY BUICK GMC, DERRICK H. KELLEY, Individually.<br><br>    Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Ashley Rinehart ("Plaintiff"), by and through undersigned counsel, files this Complaint for Damages against Kelley Buick GMC, and Derrick H. Kelley, Individually ("Defendants") for discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), § 102, 42 U.S.C.A. § 12112, the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq*. ("FCRA"). and for retaliation in violation of § 503(a), 42 U.S.C.A. § 12203(a), and shows the Court as follows:

## **PARTIES**

1. Plaintiff is a resident of Hillsborough County, Florida, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

2. Defendants are qualified and licensed to do business in Florida and at all times material hereto has conducted business within this District. Defendants are subject to specific personal jurisdiction in this Court over the claims asserted herein.

3. Defendant Kelley Buick GMC is a car dealership with its principal place of business located at 255 W Van Fleet Dr., Bartow, FL 33830.

4. Defendants are at all times required to comply with the Americans with Disabilities Act.

5. Defendants are at all times required to comply with the Florida Civil Rights Act of 1992.

6. Defendants Kelley Buick GMC was at all times an "employer" within the meaning of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act of 1992 ("FCRA").

7. At all times relevant to this action, Derrick H. Kelley is an individual resident of the State of Florida who owns and operates Kelley Buick GMC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c)

control the finances and operations of Kelley Buick GMC. By virtue of having regularly exercised that authority on behalf of Kelley Buick GMC is an employer as defined by 29 U.S.C. § 201, et seq.

8. At all times relevant hereto, Plaintiff was an "employee" within the meaning of the ADA.

9. At all times relevant hereto, Plaintiff suffered from conditions that are disabilities under the ADA.

10. At all times relevant hereto, Plaintiff was "qualified" to perform her job as defined by the ADA.

## JURISDICTION AND VENUE

11. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII.  An express grant of federal court jurisdiction over this federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3).  Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

12. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendants in Polk County, Florida.

13. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Polk County, Florida.

## ADA AND FCRA STATUTORY PREREQUISITES

14. Plaintiff is a "person" who suffered discrimination based on her disability. As such she is a member of a class of individuals protected by the ADA and the FCRA.

15. Plaintiff was qualified for her position of employment.

16. Plaintiff suffered from differential application of work or disciplinary rules because Defendants treated Plaintiff differently on the basis of Plaintiff's protected class.

17. Defendants meet the statutory criteria for coverage as an "employer" under the ADA and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADA and the FCRA.

19. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around February 24, 2021[1], which is within 300 days of the last date of Defendants' alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on November 30, 2021.[2] Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

---

[1] See Exhibit A.
[2] See Exhibit B.

20. Accordingly, Plaintiff has complied with all requirements and all other prerequisites prior to bringing this lawsuit.

### IV.     FACTUAL ALLEGATIONS

21. On or around October 12, 2020, Ms. Rinehart fell off a car trailer and had a compound fracture.

22. Ms. Rinehart broke her leg in four places, and fractured her ankle, requiring her to have emergency surgery immediately after.

23. The injury has subsequently significantly limited Ms. Rinehart's ability to engage in daily life activities such as walking, standing, and kneeling, and she continues to suffer through this disability to this day.

24. On November 17, 2020, Ms. Rinehart made a reasonable accommodation request to her then supervisor to be allowed to park in a space beside the building.

25. Because of her disability, and the ongoing construction happening nearby, it was extremely difficult for Ms. Rinehart to mobilize herself from where she had originally been parking.

26. By this time, she had submitted medical evidence indicating that her injury had a long-term impact, which would be considered a disability under the ADA.

27. Ms. Rinehart's supervisor immediately denied this request, and additionally failed to engage in a subsequent investigation to determine the reasonableness of Plaintiff's request, even after she appropriately engaged in an interactive process to specifically state the accommodation she was requesting, and how it aligned with her disability.

28. Plaintiff's supervisor responded that upper management "did not like the way cars looked when parked on the grass." Defendants failed to provide evidence as to why this accommodation would create an undue hardship, or an adequate accommodation that would be considered reasonable under the circumstances.

29. On November 30, 2020, Plaintiff contacted Human Resources to notify it of her concerns after being denied her reasonable accommodation request.

30. Plaintiff explained that her supervisor failed to engage in an interactive process after she initiated the reasonable accommodation request process and Defendants refused to explain to her why granting this accommodation would create an undue hardship for Defendants.

31. On December 1, 2020, just eleven (11) days after requesting the reasonable accommodation, and one (1) day after contacting Human Resources, Defendants terminated Plaintiff.

32. Plaintiff's supervisor alleged that she was "demotivating to the team" and that it "would be a conflict of interest" for her to work the Auburndale leads.

33. Plaintiff had never received a write up, performance improvement plan, or reprimand prior to her accommodation request.

## COUNT I – DISABILITY DISCRIMINATION

34. Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

35. Defendants are and, at all times relevant, has been an "employer" as defined by the ADA.

36. Plaintiff was, at all relevant times, an individual with a disability as defined under the ADA.

37. Plaintiff was, at all relevant times, "qualified" to perform her job with Defendants.

38. Defendants knew, at all relevant times, that Plaintiff had a disability and a record of a disability as defined by the ADA.

39. Defendants perceived Plaintiff, at all relevant times, as a person with a disability.

40. Defendants knew Plaintiff needed an accommodation in regards to limited time off work for treatment related to her disability.

41. Plaintiff requested a reasonable accommodation to park closer to the building in which she worked.

42. Nevertheless, Defendants discriminated against Plaintiff due to her disability, actual or perceived, and her record of disability.

43. Defendants refused to engage in good faith dialogue to accommodate Plaintiff.

44. Defendants failed to provide Plaintiff with a reasonable accommodation.

45. Defendants terminated Plaintiff because of her disability, actual or perceived, and/or her record of disability.

46. Defendants would not have taken these actions if Plaintiff had not had a disability.

47. Defendants' actions violate the ADA.

48. As a result of Defendants' unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

## COUNT II – RETALIATION

49. Plaintiff incorporates by reference the preceding paragraphs.

50. Defendants retaliated against Plaintiff for the exercise of protected conduct under the ADA, entitling Plaintiff to all appropriate relief under the statute.

51. Defendants terminated Plaintiff because of her request for medically necessary accommodation to treat her disability.

52. Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

53. Defendants terminated Plaintiff in retaliation of her exercise of rights protected by the ADA. In doing so, Defendants violated the ADA.

54. As a result of her termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover.

55. Defendants acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

56. Plaintiff suffered discrimination because of her disability when Defendants terminated her employment.

57. Plaintiff was treated less favorably than other similarly situated employees due to her disability.

58. Defendants took an adverse employment action against Plaintiff because of her disability.

59. Defendants' discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

60. As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation.

61. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

62. *Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 621 *et seq*.*

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the ADA;

b. judgment in her favor and against Defendants for compensatory damages, non-economic damages, and liquidated damages, in an amount to be determined by a jury of her peers;

c. judgment in her favor and against Defendants for front pay, to be determined by the Court;

d. judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses.

e. declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under ADA;

f. and an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

Dated: February 8, 2022

                                      Respectfully submitted,

                                      /s/ James J. Henson
                                      James J. Henson, Esq.
                                      Florida Bar No. 77476
                                      MORGAN & MORGAN, P.A.
                                      20 N. Orange Ave., 15th Floor
                                      P.O. Box 4979
                                      Orlando, FL 32802-4979
                                      Telephone: (407) 428-6241
                                      Facsimile: (407) 245-3342
                                      Email: jjhenson@forthepeople.com
                                      ssiagel@forthepeople.com